Craig Sanders (SBN: 284397)
csanders@sanderslaw.group
**SANDERS LAW GROUP**
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Telephone: (516) 203-7600

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Stop Making Media, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Civil Clothing Inc., <br><br> Defendant. | Case No: <br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. §501** <br><br> JURY TRIAL DEMAND |

Plaintiff Stop Making Media, Inc. ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Civil Clothing Inc. ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*.

2. Chris Cuffaro ("*Cuffaro*") created an iconic photograph of American singer, guitarist, and songwriter also known as Christopher John Cornell (the "*Photograph*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Over the past 50 years, Cuffaro has photographed a number of A-List actors, models, athletes and musicians and has helped them define their public image while establishing his reputation as one of the most respected photographers in the entertainment industry. He has shot the best of the best in the music world including ground-breaking bands like Jane's Addiction, Pearl Jam, the Red Hot Chili Peppers and Nirvana, George Michael, Iggy Pop, No Doubt, Henry Rollins, Elvis Costello, Fiona Apple, Scott Weiland and Soundgarden. These images have regularly appeared in *Rolling Stone*, *Spin*, *RayGun*, *Vibe*, *Musician* as well as on the covers of more than 300 record albums and CDs. Along with his significant commercial and editorial contributions as a music photographer, Cuffaro's portfolio also includes an equally impressive group of A-list actors from Johnny Depp to Dustin Hoffman, sports icons from Kobe Bryant to Wayne Gretzky, and television shows from American Idol to So You Think You Can Dance. His images have been in *Entertainment Weekly*, *US*, *Stuff, Maxim, Premiere, British Elle* and *W*. Cuffaro has presented multiple exhibitions celebrating his iconic music photography including Greatest Hits: Los Angeles, GH: Martini Ranch, GH: George Michael, GH: Grunge, GH: Pearl Jam and GH: Michael Hutchence.

4. Upon information and belief, Defendant is a for-profit fashion company specializing in urban streetwear, urban apparel, and modern contemporary clothing with unique, edgy designs. Its business caters to individuals seeking to express their personal style through high-quality clothing, often found in partnerships with department stores and boutiques.

5. As a key component of its branding and business model, Defendant owns and operates a social media account on Facebook known as "Civil Clothing" ("*Account 1*").

6. Defendant also owns and operates a social media account on Instagram known as "civilregime" ("*Account 2*").

7. Upon information and belief, Account 2 has over 1.1 million followers who each received notification in their feed of Defendant's post.

8. Defendant, without permission or authorization from Plaintiff, actively copied and displayed the Photograph on the Accounts (hereinafter the social media platforms set forth above of *"Account 1"* and *"Account 2"* are collectively referred to as the *"Accounts")* and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

9. Plaintiff is a California corporation and maintains its principal place of business in Los Angeles County, California.

10. Upon information and belief, Defendant is a California corporation with a principal place of business at 430 Madrid Avenue, Torrance in Los Angeles County, California.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

12. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in California.

13. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.** **Plaintiff's Copyright Ownership**

14. Plaintiff is a professional photography company by trade that is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

15. Plaintiff has invested significant time and money in building Plaintiff's

photograph portfolio.

16. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

17. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

18. On September 8, 1992, Cuffaro first published the Photograph. A copy of the Photograph is attached hereto as <u>Exhibit 1</u>.

19. In creating the Photograph, Cuffaro personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

20. On August 29, 2017, the Photograph was registered by the USCO under Registration No. VA 2-064-995.

21. Cuffaro created the Photograph to document and memorialize Christopher John Cornell, a rock and roll icon, with the intention of it being used for the purpose of display and public distribution in various formats and for various purposes.

22. Plaintiff acquired the rights in and to the Photograph by way of written assignment.

B. **<u>Defendant's Infringing Activity</u>**

23. Defendant is the registered owner of Accounts and is responsible for its content.

24. Defendant is the operator of the Accounts and is responsible for its content.

25. The Accounts are a key component of Defendant's popular and lucrative commercial enterprise.

26. Upon information and belief, Defendant is a sophisticated apparel business which owns a comprehensive portfolio of digital marketing assets and has advanced operational and strategic expertise in an industry where copyright is prevalent.

27. Upon information and belief, Defendant's staff have significant experience in copyright matters and are familiar with specific practices including the need to ensure that images used in their posts have been properly licensed.

28. Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

29. Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

30. Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringements.

31. On or about June 4, 2025, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed Defendant displayed the Photograph on Account 1 as part of an on-line post at URL: https://www.facebook.com/photo?fbid=751883777191852&set=pcb.751883897191840 ("*Infringement 1*"). A copy of a screengrab depicting Infringement 1 is attached hereto as Exhibit 2.

32. Infringement 1 is an exact copy of Plaintiff's original image that was directly copied and displayed by Defendant

33. On or about June 4, 2025, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed Defendant displayed the

Photograph on Account 2 as part of an on-line post at URL: https://www.instagram.com/p/DKgFAIpRG6z/?img_index=5 ( "*Infringement 2*"). A copy of a screengrab depicting Infringement 2 is attached hereto as Exhibit 2.

34. Infringement 2 is an exact copy of Plaintiff's original image that was directly copied and displayed by Defendant

35. Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph. (hereinafter all of the unauthorized uses set forth above is collectively referred to as the *"Infringements"*).

36. Upon information and belief, despite knowing the source of the Photograph, Defendant did not at any time contact Plaintiff or Cuffaro and request Plaintiff's permission to use the Photograph in its posts. Defendant's failure to provide attribution, failure to contact the Plaintiff about the use of the Photograph demonstrates Defendant's bad faith and lack of fair dealing.

37. Further, because of a lack of attribution as to the source of the Photographs by Defendant, none of the people viewing the image were made aware of their author and therefore are unaware of who to contact should they wish to obtain a license for their usage.

38. The Infringements include URLs ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore each constitutes a specific infringement.

39. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Accounts, including, but not limited to copying, posting, selecting, commenting on and displaying images including but not limited to Plaintiff's Photograph.

40. Upon information and belief, the Photograph was willfully and

volitionally posted to the Accounts by Defendant.

41. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendant.

42. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

43. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Accounts and exercised and/or had the right and ability to exercise such right.

44. Upon information and belief, Defendant monitors the content on its Accounts.

45. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

46. Upon information and belief, the Infringements increased traffic to the Accounts and, in turn, caused Defendant to realize an increase in its business revenue.

47. Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Accounts.

48. Upon information and belief, 38,721 people "liked" the post on Account 2.

49. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

50. Defendant's use of the Photograph harmed the actual market for the Photograph.

51. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

52. Defendant's unlicensed usage of the Photographs was commercial in nature.

53. Defendant's usage of the Photographs added nothing new or transformative to the Photographs.

54. Defendant's use was a non-transformative, commercial exploitation of the Photograph, insofar as Defendant's putative "transformation" did nothing more than display the images without commentary or criticism about the Photograph itself.

55. On August 18, 2025, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

56. Despite Plaintiff's efforts and willingness to address Defendant's infringing activity, Defendant failed to respond and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

57. Following Plaintiff's August 18, 2025 communication, Defendant switched the image on its Instagram account from Christopher John Cornell to Heath Ledger but maintained the same limited commentary in its post.

58. Further, despite Plaintiff's notification to Defendant concerning its infringing activity, Defendant continued to infringe on Plaintiff's work on its Facebook account thereby establishing the willful nature of its conduct.

59. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

60. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

61. The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

62. The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

63. Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

64. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

65. Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

66. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority.

67. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

68. As a result of the Defendant's violations of Title 17 of the U.S. Code,

the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

69. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

70. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a. finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505

e. for pre-judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: September 17, 2025

**SANDERS LAW GROUP**

By: __/s/ Craig Sanders__
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 132223

*Attorneys for Plaintiff*